**Jeffrey B. SKLAROFF, as Temporary Receiver, Plaintiff–Appellee,**

v.

**Abraham ROSENBERG, Isaac Rosenberg, Rose Castle Corp., and Franklin Realty Corp., Defendant–Appellant.**

No. 01–7094.

United States Court of Appeals, Second Circuit.

Aug. 29, 2001.

Jeffrey B. Sklaroff, Greenberg Traurig, New York, NY, for plaintiff-appellee Jeffrey B. Sklaroff as Temporary Receiver; Alan Mansfield on the brief.

Robert W. Cinque, Cinque & Cinque, P.C., New York, NY, and Samuel I. Burstyn, Samuel I. Burstyn, P.A., Miami, FL, for defendants-appellants Abraham Rosenberg, Isaac Rosenberg, Rose Castle Corp., and Franklin Realty Corp.

Present MINER, CALABRESI, and CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

After examining a very complicated set of transactions (aptly described in its opinion, *Sklaroff v. Rosenberg*, 125 F.Supp.2d 67 (S.D.N.Y.2000)), the district court (Parker, *J.*) granted Plaintiff–Receiver's motion for summary judgment. The court held that the unconditional guarantee of Defendants Abraham Rosenberg, Isaac Rosenberg, and Rose Castle Corp., of a note secured by a mortgage on property (the "Franklin Property") owned by Defendant Franklin Realty, was not extinguished by a satisfaction-of-mortgage agreement between Defendants and LPDA Acquisition Corp. ("LPDA") (a one-time participant in the loan to Franklin Realty made by The National Heritage Life Insurance Company ("NHL"), the company as to which Plaintiff was appointed Receiver). And, independent of its holding as to the guarantee, the court below also held that the delivery of the satisfaction-of-mortgage was invalid as a fraudulent conveyance under N.Y. Debt. & Cred. Law §§ 273, 273-a (McKinney). As a result, the district court (a) ordered Defendants to pay the outstanding amount on the loan plus interest, late fees, and penalties and (b) reinstated the NHL mortgage on the Franklin Property.[1]

---

1. Specifically, the district court stated:
   Plaintiff is entitled to judgment:
   1. On his Guarantee claims against Abraham Rosenberg, Isaac Rosenberg and Rose Castle ... in the amount of $9,982,487, plus

attorney's fees to be determined, as well as additional interest, late charges and penalties accrued from the date of that calculation to the date the judgment entered; and

On the guarantee claim, we affirm for substantially the reasons given by the district court. With respect to the fraudulent conveyance claim, Defendants argue that the Receiver cannot bring suit under N.Y. Debt. & Cred. Law §§ 273, 273–a because the Receiver, as representative of NHL, was in fact the transferor in the satisfaction-of-mortgage transaction. This is so, Defendants contend, since the actual transferor—LPDA—acted on behalf of NHL in that transaction. Receiver counters that LPDA did not have authority to execute the satisfaction-of-mortgage and, accordingly, that his claim of a fraudulent conveyance is appropriate.

The district court did not reach the question of LPDA's authority to engage in the transaction on behalf of NHL. During oral argument on appeal, however, Defendants conceded that LPDA did not have *actual* authority to enter into the transaction on NHL's account. They maintained, instead, that LPDA had *apparent* authority to agree to the transaction. But we need not decide whether—for some purposes and as to some parties—apparent authority existed, since the issue before us is simply: Was NHL the transferor in the relevant transaction? And, for that question, the existence of actual authority is determinative under N.Y. Debt. & Cred. Law §§ 273, 273–a. Because LPDA did not have actual authority to negotiate the satisfaction, NHL was not the transferor, and, hence, the district court's rulings concerning the fraudulent conveyance do not suffer from the defect Appellants assert. As a result (and without considering

whether, if NHL had been the transferor, the Receiver could nevertheless have still challenged the transaction), we are able to affirm the district court on this claim as well, for substantially the reasons it gave.

\* \* \*

United Funding LLC ("United Funding"), the holder of another mortgage on the Franklin Property, sought to intervene on this appeal. Leave to intervene was contingently granted by us subject to review after argument on the merits. We now decline to grant leave to intervene. We make clear, however, that nothing in the district court's findings reinstating NHL's mortgage on the Franklin Property determined the priority of that mortgage in relation to the mortgage of United Funding. The question of the relative priority of mortgages is not suitably before this court and must, to the extent that it becomes relevant, be decided in future proceedings in whatever fora may be appropriate.

We have considered all of Defendants' claims and find them to be without merit. The district court's grant of Plaintiff's motion for summary judgment is, therefore, AFFIRMED.

---

2. Relief on the Receiver's fraudulent conveyance claims against Abraham Rosenberg, Isaac Rosenberg and Franklin Realty ... for a money judgement, as specified above, and for an order striking and setting aside the Satisfaction of Mortgage and reinstating the Franklin Realty Mortgage as a first priority on the Franklin property; and

3. Imposing a constructive trust over the Franklin Realty property for the benefit of the plaintiff.
*Sklaroff,* 125 F.Supp.2d at 74–75 (footnote omitted).